IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFREY PAUL,

Plaintiff, No. 2:12-cv-2984 EFB P

vs.

THE BUREAU OF PRISONS, et al.,

Defendants. ORDER AND FINDINGS AND RECOMMENDATIONS

_______________________________/

Plaintiff is a federal prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Before the court is plaintiff's December 10, 2012 complaint and application for leave to proceed in forma pauperis. Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2). For the reasons stated below, however, the complaint must be dismissed without leave to amend.

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion

of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief has facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

According to complaint, which is mostly incomprehensible, plaintiff seeks relief pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act and the Antiterrorism and Effective Death Penalty Act. However, plaintiff fails to plead any facts in support of these claims. He states that he is incarcerated in Indiana and names as defendants the Bureau of Prisons and the United States District Court of Arkansas, Western Division. He claims that he used to work for the United States District Court in California, assisting with gang investigations. He also alleges

that he has "been tortured in violation of Common Article III, then knowingly feloniously restrained during attempts to recover property (or) resolve threat to integrity of marriage & safety of family." Among other requests, plaintiff seeks a declaration that his conviction and sentencing are"erroneous," and that self-defense was justified.

While civil rights actions filed pursuant to section 1983 are appropriate for challenges to the *conditions* of confinement, challenges in federal court to the *fact or the length of* confinement generally must be raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez,* 411 U.S. 475 (1973). Here, plaintiff's action sounds in habeas because he appears to be challenging the fact that he is confined to prison.

In order to bring a civil rights claim alleging an unconstitutional conviction or sentence, a plaintiff must first show that the underlying conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or questioned by the grant of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Plaintiff has not done so in this case. Here, if plaintiff were successful on his claim that his continued incarceration is unlawful, it would necessarily render invalid his current sentence. Thus, plaintiff's § 1983 civil rights claim is *Heck*-barred. *See Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003) (clarifying that application of *Heck*'s favorable termination rule "turns solely on whether a successful § 1983 action would necessarily render invalid a conviction, sentence, or administrative sanction that affected the length of the prisoner's confinement.").

Additionally, there is no indication that venue in this district is appropriate. A civil action, other than one based on diversity jurisdiction, must be brought in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). Moreover, a civil rights action brought pursuant to 42 U.S.C.

§ 1983, challenges the *conditions* of the prisoner's confinement. By contrast, a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 challenges the *fact or duration* of his confinement. Here, plaintiff's requested relief relates to the fact or duration of his confinement, and in habeas corpus cases, venue is proper in the district of confinement, or in the district of "conviction and sentencing." 28 U.S.C. § 2241(d).

It does not appear from the complaint that plaintiff will be able to state a cognizable claim for relief. For these reasons, the complaint should be dismissed without leave to amend. *See Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009); *Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (internal quotation marks omitted)); *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts."). Plaintiff's September 14, 2012 motion to stay must therefore be denied as moot.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed *in forma pauperis* is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Federal Bureau of Prisons filed concurrently herewith.

3. The Clerk of the Court shall randomly assign a United States District Judge to this action.

Further, IT IS HEREBY RECOMMENDED that the complaint be dismissed without leave to amend and the Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 4, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE